[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14296
Non-Argument Calendar

_____

BIA Nos. A78-600-770 & A78-600-771

WENTZEL CHRISTOFFEL HERBST,
CAROL ANN HERBST,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 26, 2006)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Wentzel Christoffel Herbst and his wife, Carol Ann Herbst, are natives and

citizens of South Africa and members of the white minority. They entered the United States in December 1999 as nonimmigrant temporary skilled workers. In January 2001, the couple were issued Notices to Appear, charging them with removal for remaining in the country longer than permitted. Herbst, on behalf of himself and his wife as a derivative applicant, applied for asylum under the Immigration and Nationality Act (INA) and withholding of removal under the INA and United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT). The Immigration Judge denied Herbst relief, and the Board of Immigration Appeals issued an opinion adopting the IJ's determination. Herbst petitions for review of the BIA's decision.

We review the BIA's factual determinations under the substantial evidence test, and we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review only the BIA's decision, "except to the extent that it expressly adopts the IJ's opinion." Al Najjar, 257 F.3d at 1284. "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id.

Herbst argues that the BIA erred in upholding the IJ's determination that he was not entitled to asylum because the substantial weight of the evidence compels a conclusion that he suffered past persecution and has a well-founded fear of future

2

persecution on account of his race. To be eligible for asylum, Herbst must establish that he has suffered past persecution or has a well-founded fear of future persecution on account of his race. See 8 C.F.R. § 208.13(b). Although the INA does not expressly define "persecution" for purposes of qualifying as a "refugee," see 8 U.S.C. § 1101(a)(42)(A), we have stated that "[n]ot all exceptional treatment is persecution." Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000). "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotation marks omitted).

Although the events that Herbst has suffered in South Africa are disturbing, they do not amount to past persecution for the purpose of qualifying as a refugee. First, Herbst presents evidence that he was shot and his father was stabbed when groups of black men tried to rob them on two separate occasions. These acts do not constitute past persecution on the basis of race because there is no evidence that they were committed because Herbst and his father are white. Second, Herbst presents evidence that his mother was robbed at knifepoint by two black men who called her "White Bitch." This incident does not amount to past persecution because the "reasonable, substantial, and probative evidence on the record considered as a whole" establishes that the armed robbery was motivated by

3

general lawlessness, rather than racial hostility. See Al Najjar, 257 F.3d at 1284. Third, Herbst has presented evidence that his car window was smashed by a group of blacks and that on another occasion his car was stolen by a black man. These acts do not constitute past persecution because they are mere harassment and intimidation. See Sepulveda, 401 F.3d at 1231. Furthermore, there is no evidence that these acts were motivated by race. Because substantial evidence supports the finding that Herbst did not suffer past persecution on account of race, the BIA did not err in upholding the IJ in this respect.

Herbst has also failed to establish a well-founded fear of future persecution. To establish that the feared persecution is on account of his race, an alien must present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution" because of his race. Sepulveda, 401 F.3d at 1231 (emphasis omitted). Alternatively, an alien may establish a well-founded fear without showing that he would be singled out for persecution if the alien establishes that: (1) there is a pattern or practice of racially-motivated persecution of a group of persons similarly situated to the alien; and (2) he is a member of that group, such that his fear of persecution is reasonable. 8 C.F.R. § 208.13(b)(2)(iii).

Herbst has not presented specific, detailed facts that he has a good reason to believe that he will be singled out for persecution on account of race if he is returned to South Africa. See Sepulveda, 401 F.3d at 1231. Additionally, Herbst

4

has not presented evidence showing that in South Africa there is a pattern or practice of persecution of whites on account of their race. See 8 C.F.R. § 208.13(b)(2)(iii). Instead, the evidence in the record supports a finding that whites are harmed and harassed as a result of generalized lawlessness and criminality. Even though the 2001 United States State Department country report acknowledges the racial tensions in the country, the report emphasizes a general state of insecurity plaguing both blacks and whites. The report also lists the numerous measures the government has taken to curb general violence and racial tensions, including the implementation of the South African Human Rights Commission and adoption of the Promotion of Equality and Prevention of Unfair Discrimination Act.

Additionally, Herbst argues that the BIA erred in upholding the IJ's determination that he was not entitled to asylum because the government offered no opposition to Herbst's case and chose not to cross examine Herbst during the proceeding before the IJ. The burden is on Herbst to establish that he is eligible for asylum because he suffered past persecution or has a well-founded fear of future persecution. See 8 C.F.R. § 208.13(b). Herbst did not meet his burden. Thus, the BIA did not err in upholding the IJ's determination that Herbst was not entitled to asylum irrespective of whether the government presented evidence in support of its case or cross examined Herbst.

5

Finally, Herbst argues that the BIA erred in upholding the IJ's determination that he is not entitled to withholding of removal under the INA and CAT because Herbst has shown that he will more likely than not be persecuted on account of his race if forced to return to South Africa. The BIA's factual determination that an alien is not entitled to withholding of removal must be upheld if it is supported by substantial evidence. Al Najjar, 257 F.3d at 1283–84. An alien is entitled to withholding of removal under the INA if he can show that his life or freedom would be threatened on account of his race. See Mendoza v. U.S. Atty. Gen, 327 F.3d 1283, 1287 (11th Cir. 2003); see also 8 U.S.C. § 1231(b)(3). If an applicant is unable to meet the well-founded fear standard for asylum, he is generally precluded from qualifying for withholding of removal. Al Najjar, 257 F.3d at 1292–93.

To obtain relief under the CAT, the burden is on the applicant to establish that it is "more likely than not" that he will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2). "The burden of proof for an applicant seeking withholding of removal under the [CAT], like that for an applicant seeking withholding of removal under the [INA], is higher than the burden imposed on an asylum applicant." Al Najjar, 257 F.3d at 1303. Because Herbst has failed to establish a well-founded fear of persecution sufficient to support his asylum claim, we find that he has not established his eligibility for withholding of removal under

6

the INA and CAT. The BIA did not err in upholding the IJ's determination that Herbst is ineligible for withholding of removal.

**PETITION DENIED.**